E-Filed: 11/16/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARTHUR J. GARCIA, RONALD K. BROOKS, BETTY JEAN NORMAN, RODERICK VOLD, ROBERT ELANDER, AND JOHN LYNN, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>3M COMPANY,<br><br>　　　　　Defendant. | No. C-09-01943 RMW<br><br>ORDER GRANTING MOTION TO TRANSFER VENUE<br><br>**[Re Docket No. 47]** |

Defendant 3M Company's motion to transfer venue pursuant to 28 U.S.C. § 1404(a) came on for hearing before the court on September 25, 2009. Plaintiffs oppose defendant's motion. The court has read the moving and responding papers and considered the arguments of counsel. For the reasons set forth below, the court grants defendant's motion for change of venue.

## I. BACKGROUND

On May 4, 2009, the six named plaintiffs in this suit filed a putative class-action complaint against defendant 3M Company ("3M") alleging that 3M engaged in an interwoven set of personnel actions designed to elevate younger employees into the company's leadership and to marginalize and

ORDER GRANTING MOTION TO TRANSFER.
C-09-01943 RMW
AKT/ter

1  remove older employees beginning with employee performance appraisals and extending to other
2  personnel actions negatively affecting employees age 46 and older. Compl.¶ 1. Pursuant to the
3  Federal Age Discrimination in Employment Act ("ADEA"), as amended by the Older Worker
4  Benefit Protection Act ("OWBPA"), plaintiffs allege age discrimination on behalf of themselves and
5  other persons similarly situated. Compl.¶ 2. 29 U.S.C. § 621, 29 U.S.C. § 626(f). Plaintiffs
6  proposed two classes for certification: a "Declaratory Judgment Class" and an "ADEA Collective
7  Action" class. Compl. ¶ 71, 91 and 101.
8       A related age discrimination lawsuit, *Whitaker v. 3M Co.*, No. 62-C4-04-012239,  is
9  currently pending in Minnesota state court. Mot. at 4. The Minnesota state lawsuit is brought under
10 the Minnesota Human Rights Act ("MHRA") but attacks the same 3M policies and practices at issue
11 in the instant case. *Id.* The Minnesota trial court granted class certification, however, on April 28,
12 2009, the Minnesota Court of Appeals reversed the trial court holding it had erred "both by failing to
13 require proof of certification requirements by a preponderance of the evidence and by failing to
14 resolve factual disputes relevant to class-certification requirements." *See Whitaker v. 3M Co.*, 2009
15 WL 1118951 at 7 (Minn. Ct. App. Apr. 28, 2009). The case was then remanded to determine class
16 certification under the proper standard. The instant federal action was filed with this court less than
17 one week after the Minnesota Court of Appeals issued its remand order. Mot. at 5.

## II. ANALYSIS

19      Defendant brings this motion to transfer on the grounds that the District of Minnesota is a
20 more appropriate venue and is more convenient for the parties and witnesses than the Northern
21 District of California. Mot. at 6. 3M contends that transferring the action to the District of
22 Minnesota is appropriate under 28 U.S.C. § 1404(a) because a related lawsuit is already underway in
23 Minnesota, virtually all witnesses and documents are located in Minnesota or closer to St. Paul than
24 this court, the operative events occurred either in Minnesota or 3M workplaces, most of the putative
25 class members work in Minnesota or closer to St. Paul than this court, and any injunctive relief, if
26 granted, would most easily be monitored by the court in Minnesota. Mot. at 1. Plaintiffs oppose the
27 motion, arguing that defendant has not met its burden of demonstrating that the convenience of the
28

ORDER GRANTING MOTION TO TRANSFER.
C-09-01943 RMW
AKT/ter                 2

parties and witnesses and the interest of justice favor transfer of venue to the District of Minnesota. Opp. at 1.

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In ruling on a motion to transfer, a court may consider such factors as: (1) the plaintiffs' choice of forum, (2) convenience to the parties, (3) convenience to the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum to the applicable law, (6) the feasability of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. *Jones v. GNC Franchising*, 211 F.3d 495, 498-99 (9th Cir. 2000).

Section 1404(a) limits transfer to courts where the action might have been brought. *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960). The transferee court must: (1) be able to exercise personal jurisdiction over the defendants, (2) have subject matter jurisdiction over the claim, and (3) be a proper forum. *Id*. In the present case, the parties do not dispute that the action might have been brought in the District of Minnesota. Turning to the applicable factors:

### A. Plaintiffs' Choice of Forum

The burden falls on the moving party to demonstrate that matters of convenience and the interest of justice weigh heavily in favor of transfer. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). The Northern District of California is plaintiffs' choice of forum. However, the weight given to the plaintiffs' choice of forum diminishes when the plaintiffs reside outside the chosen forum. *Gemini Capital Group v. Yap Fishing Corp.*, 150 F.3d 1088, 1091 (9th Cir. 1998). Where plaintiffs' choice of forum is largely fortuitous, such as in class actions, where putative class members reside in many different states, the plaintiffs' choice of forum is given less weight. *See In re Warrick*, 70 F.3d 736, 740 (2d Cir. 1995); *Georgouses v. Natec Res., Inc.*, 963 F. Supp. 728, 730 (N.D. Ill. 1997); *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Only two of the named plaintiffs reside in California. Opp. at 3. The other named plaintiffs live in Texas, Minnesota and the Southern District of California. *Id*. The remaining potential class members are nationwide. *Id*. Plaintiffs cite *Ellis v. Costco Wholesale Corp*. and argue that in class based

ORDER GRANTING MOTION TO TRANSFER.
C-09-01943 RMW
AKT/ter                                              3

employment discrimination cases, plaintiffs' choice of forum is afforded less deference only when a named plaintiff lacks contacts with the district. Opp. at 3, *citing* 372 F. Supp. 2d 530, 538 (N.D. 2005). However, *Ellis* was decided under Title VII's special venue provision, 42 U.S.C. § 2000e-5(f)(3), which provides greater deference "as a matter of law" to choice of forum in Title VII class action cases. Since this is not a Title VII case, the greater deference the court provided in *Ellis* is not applicable. Furthermore, the Ninth Circuit has established that courts should disregard a plaintiff's forum choice where the suit is a result of forum-shopping. *See Alltrade, Inc., v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). One could rationally infer forum shopping here, based on plaintiffs' filing in California less than one week after remand in Minnesota. Accordingly, this factor does not weigh in favor of retaining the action in the Northern District of California.

### B. Convenience of Witnesses

The convenience of witnesses has been called the most powerful factor governing the decision to transfer a case. *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1092 (N.D. Cal. 2002). To meet the burden of demonstrating that transfer is in the convenience of the witnesses, "the party seeking transfer must specifically list the evidence and witnesses on which the party intends to rely in the transferee district, along with a general statement of the topics of each witness' testimony." *Moore's Federal Practice - Civil* § 111.13 (2009). Absent such a showing, the motion should be denied. *Id*. In judging the weight to be given to a plaintiffs' choice of forum, "consideration must be given to the extent both of the defendant's business contacts with the chosen forum and of the plaintiff[s'] contacts, including those relating to [plaintiffs'] cause of action." *Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). Defendant attached Exhibits 1-12 to its motion which provide a list and graphic representations of the locations of specific witnesses, and the location of evidence. 3M contends that many of 3M's witnesses and the concentration of documents relevant to the claims asserted in the complaint are located in Minnesota. Mot. at 8. Specifically, the 3M human resource witnesses, who developed the challenged practices and policies and who have knowledge of 3M's experiences with their implementation reside in Minnesota. *Id*. Additionally, the 3M business unit employees who

modified and implemented the recommended practices and who also have knowledge of the 3M pattern and practice with regard to these policies reside in Minnesota. *Id*.

Plaintiffs assert that the EEOC investigation and the involvement of the EEOC's San Francisco District Office is a sufficient contact with this district. Opp. at 4. In its opposition, plaintiffs list five class members who filed claims with EEOC offices in Minneapolis, San Francisco, and Missouri and whose claims were consolidated and transferred to the EEOC office in San Francisco. Opp. at 1. Plaintiffs argue that given the San Francisco office of the EEOC's continued investigation into the age discrimination claims, severing those ties by moving the litigation to Minnesota would frustrate an important connection between the EEOC and the litigation. *Id*. As noted by defendant, however, the EEOC is not a witness and has nationwide offices, including an office in Minnesota. Defendant has named witnesses for whom its choice of forum is more convenient. Accordingly, the convenience of witnesses weighs in favor of transfer.

### C. Convenience of the Parties

Defendant argues that the District of Minnesota is a more appropriate forum because both plaintiffs and defendant have stronger contacts with the District of Minnesota than the Northern District of California. 3M's principal place of business is in Minnesota and it is more convenient for 3M to litigate in Minnesota than in California. Plaintiffs assert that named plaintiffs Arthur Garcia and Ronald Brooks's primary residences are California, and the case is brought on behalf of former employees who were employed primarily outside of Minnesota. Opp. at 1. Plaintiffs contend further that given electronic document production, the costs of discovery will be unaffected by the location of forum and therefore, location of evidence has no bearing on transfer. Opp. at 5. Likewise, the ease with which witnesses can be deposed either near their residences or at a location convenient to the parties makes any inconvenience to witnesses minimal whether the action is venued in Minnesota or California. Plaintiffs assert this factor is neutral and therefore the litigation ought to remain in California, plaintiffs' choice of forum. *Id*.

In considering the convenience of the two parties in this action the court is compelled to take into account related factors, such as the potential for disruption to the parties' business and the parties' relative financial means. Plaintiffs, situated throughout the United States include residents

of this district and the District of Minnesota. Approximately 2,044 of 4,728 putative class members who signed releases (the "Declaratory Judgment" putative class) reside or had last known addresses in Minnesota. Reply at 5, Exhibits 1-3. Approximately 32 reside in this district. *Id.* For the ADEA class, approximately 8,490 of 18,653 putative class members reside or had last known addresses in Minnesota while barely more than 100 reside in this district. *Id.* Given these statistics on plaintiffs, and that defendant is situated in Minnesota the convenience of the parties favors transfer.

### D. Where the Events Occurred and Local Adjudication

Defendant argues Minnesota has a strong local interest in deciding this controversy given that 3M is a significant employer and corporate citizen of Minnesota. Mot. at 14. In its opposition plaintiffs assert that 3M's contacts with Minnesota will enhance advantages 3M already enjoys. Opp. at 8. Plaintiffs argue that confusion will arise among lay persons and potential class members by blurring the state and the federal causes of action. *Id.* Plaintiffs' argument is not persuasive and offers no cogent reason against adjudicating this action in Minnesota. When an action involves an incident occurring in a particular locale, there is a public interest in having the controversy adjudicated in that locale, rather than in a remote forum. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511 (1947). The local public in the District of Minnesota presumably has a strong interest in the litigation and an interest in having the trial in their view. *Id.* Plaintiffs cite no specific local influence other than knowledge of the company that would hamper a fair trial. Mot. at 14. The Northern District of California's interest does not extend as forcefully to the class as a whole, as the District of Minnesota with the largest concentration of plaintiffs and a stronger interest in ensuring non-discriminatory management of corporation. *Ellis*, 372 F. Supp. 2d at 543. Given 3M's presence in Minnesota, plaintiffs' residences in Minnesota, the large amount of evidence and witnesses in Minnesota and the pendency of the *Whitaker* action in Minnesota, the public's interest and preference for local adjudication weighs in favor of transfer.

### E. Enforceability of Judgment

3M argues the District of Minnesota would best be able to monitor compliance with possible injunctive relief and therefore weighs in favor of transferring the case. Although the relative enforceability of the judgment in the respective forums is a factor to consider, it is generally taken

1  into account under the common-law doctrine.  Mot. at 13 *citing Law Bulletin Pub., Co. v. LRP*
2  *Publ'ns Inc*. 992 F. Supp. 1014, 1021 (N.D. Ill. 1998).  In Section 1404(a) convenience transfers,
3  when both forums are federal district courts, this factor has little relevance because it is unlikely that
4  there would be any significant difference in the difficulty of enforcing a judgment rendered by one
5  federal forum or the other.  *Moore's Federal Practice* - Civil § 111.13 (2009).

### F. Judicial Economy

The final factor discussed by the parties is judicial economy.  Defendant argues that judicial economy interests would be served if the present action is transferred to Minnesota.  Mot. at 15.  Defendant contends that although the suits cannot be consolidated, transfer will allow possible consolidation of discovery.  *Id*.  Additionally defendant asserts that transfer will more easily allow the state court to resolve issues common to both actions before the federal case proceeds.  *Id*. *citing Bally Mfg. Corp. v. Kane*, 698 F.Supp. 734, 739 (N.D. Ill. 1988).  Plaintiffs assert that because the two cases cannot be consolidated any "beneficial osmosis to be derived" from transfer is a fiction.  Opp. at 7.  Even though consolidation with the state claim would not be possible this court considers the practicalities of making the trials easy, expeditious and economical.  This case is based on federal law and both this court and the District of Minnesota would be equally familiar with the applicable law.  Given the arguments in favor of transfer to Minnesota the court finds it to be more prudent to grant the motion to transfer the claims against 3M to Minnesota.

As the examination of the factors above illustrates, defendant has met its relevant burden of proof and has established that transferring this action to the District of Minnesota is appropriate under 28 U.S.C. § 1404(a).

### III.  ORDER

For the foregoing reasons, 3M's motion to transfer the instant action to the District of Minnesota is granted.

DATED:      11/13/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

ORDER GRANTING MOTION TO TRANSFER.
C-09-01943 RMW
AKT/ter                                          7

**THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WAS PROVIDED TO:**

**Counsel for plaintiff:**

Daniel Benjamin Kohrman
Email: dkohrman@aarp.org

Laurie A McCann
Email: lmccann@aarp.org

Michael D Lieder
Email: mlieder@sprengerlang.com

Roberta Louise Steele
Email: RLS@gdblegal.com

Steven Marshall Sprenger
Email: ssprenger@sprengerlang.com

Teresa Demchak
Email: dem@gdblegal.com

Thomas J Henderson
Email: thenderson@sprengerlang.com

Thomas W. Osborne
Email: tosborne@aarp.org

**Counsel for defendant:**

Martha Corcoran Luemers
Email: eFilingPA@dorsey.com

Paul B. Klaas
Email: klaas.paul@dorsey.com

Date: _____11/16/09_____          _____TER_____
                                      Chambers of Judge Whyte

ORDER GRANTING MOTION TO TRANSFER.
C-09-01943 RMW
AKT/ter                         8